**UNPULISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 11-5201**

—————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

HILARIA RODRIGUEZ,

                Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (5:11-cr-00058-BR-1)

—————————

Submitted:  August 30, 2012          Decided:  September 7, 2012

—————————

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Jenna T. Blue, BLUE STEPHENS & FELLERS LLP, Raleigh, North
Carolina, for Appellant.  Jennifer P. May-Parker, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hilaria Rodriguez pled guilty to conspiring to distribute and possess with intent to distribute at least 280 grams of cocaine base ("crack"), at least five kilograms of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 846 (2006), and distributing at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). She was convicted after a jury trial for possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). The district court imposed a sentence of 151 months. Rodriguez appeals her convictions and sentence.

Counsel for Rodriguez has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 when it accepted Rodriguez's plea, whether the district court erred when it denied the Fed. R. Crim. P. 29 motions, and whether the district court erred when it imposed a two-level enhancement for Rodriguez's role in the offense. Rodriguez filed a pro se supplemental brief reasserting claims raised by counsel. The Government has elected not to file a brief. We affirm.

Because Rodriguez did not move to withdraw her guilty plea, the Rule 11 plea colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).

2

After a thorough review of the record, we conclude that the district court substantially complied with Rule 11, that any omission did not affect Rodriguez's substantial rights, and that Rodriguez's guilty plea was knowing and voluntary.

With regard to her conviction for possession of a firearm in furtherance of a drug trafficking crime, Rodriguez argues that the district court erred when it denied her Rule 29 motions for acquittal. This court reviews the denial of a Rule 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion is based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks, brackets, and citations omitted). This court "ha[s] defined 'substantial evidence' as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal quotation marks and citations omitted). In conducting our review, "we are not entitled to assess witness credibility, and we assume that the jury resolved any conflicting evidence in the prosecution's favor." United States v. Taylor, 659 F.3d 339, 343 (4th Cir. 2011) (internal

3

quotation marks and citation omitted), cert. denied, 132 S. Ct. 1817 (2012).

Section 924 prohibits possession of a firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). We conclude that the Government offered sufficient evidence to support each element of the offense, including Rodriguez's participation in a drug trafficking offense and Rodriguez's possession of the firearm in furtherance of that offense. See, e.g., United States v. Lomax, 293 F.3d 701, 705-06 (4th Cir. 2002) (analyzing sufficiency of evidence of possession of firearm in furtherance of drug trafficking crime). We therefore conclude that the district court did not err in denying the Rule 29 motions.

This court reviews Rodriguez's sentence for reasonableness, applying the abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must determine whether the court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v.

4

Carter, 564 F.3d 325, 330 (4th Cir. 2009). If the sentence is free of significant procedural error, this court will review the substantive reasonableness of the sentence. Lynn, 592 F.3d at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Rodriguez asserts that the enhancement for her role in the offense was improperly applied. This court reviews the application of sentencing enhancements for clear error. United States v. Cabrera-Beltran, 660 F.3d 742, 756 (4th Cir. 2011), cert. denied, 132 S. Ct. 1935 (2012). Rodriguez's offense level was increased by two levels based on her role as "an organizer, leader, manager, or supervisor." U.S. Sentencing Guidelines Manual § 3B1.1(c) (2011). The enhancement applies to leadership of only one other person "as long as there is some control exercised." United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003). After reviewing the record and the district court's factual findings, we conclude that the district court's application of this enhancement was not clear error. We also conclude, after a thorough examination of the record, that Rodriguez's sentence is procedurally reasonable and that Rodriguez's within-Guidelines sentence on the drug counts, coupled with the mandatory minimum sentence on the firearm count, was substantively reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008) ("A statutorily required [mandatory minimum] sentence . . . is per se reasonable

5

. . . ."); <u>Abu Ali</u>, 528 F.3d at 261 ("[A] sentence located within a correctly calculated guidelines range is presumptively reasonable.").

In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Rodriguez's convictions and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform Rodriguez, in writing, of the right to petition the Supreme Court of the United States for further review. If Rodriguez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew her motion in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rodriguez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>